and we decline to exercise our discretion in the interest of justice (CPL 470.15 [6]). The court properly stated the applicable fundamental legal principles as required by the statute (CPL 300.10) and it cannot be said that defendant was denied a fair trial.

Finally, the court did not abuse its discretion in denying defendant's motion to set aside the jury verdict upon the grounds of alleged juror misconduct *(cf., People v Testa,* 61 NY2d 1008, 1009; *People v Rhodes,* 92 AD2d 744, 745). (Appeal from judgment of Supreme Court, Erie County, McGowan, J.— criminal possession of stolen property, second degree.) Present —Callahan, J. P., Doerr, Denman, Pine and Davis, JJ.

■ In the Matter of DAVID R. STEYER. In the Matter of RICHARD BURNS.—Determination unanimously confirmed and petition dismissed without costs. Memorandum: In this CPLR article 78 proceeding, petitioners, former sergeants in the Jefferson County Sheriff's Department, seek review of respondent's determination dismissing them for failure to report information concerning crimes committed by two fellow officers, specifically, that those officers had threatened and assaulted a suspect in custody. Petitioners contend, *inter alia,* that the disciplinary proceeding against them was time barred under the 18-month limitations period of Civil Service Law § 75 (4). We disagree. Petitioners' misconduct constituted a continuing failure to report the crimes from the time they acquired such information in February 1984 until they reported them to superiors in April 1986. The continuous nature of petitioners' misconduct thus prevented the statutory period from running until two months prior to the institution of charges against them in June 1986 *(cf., 509 Sixth Ave. Corp. v New York City Tr. Auth.,* 15 NY2d 48).

We have considered petitioners' other contentions and find them to be without merit. (Article 78 proceeding transferred by order of Supreme Court, Jefferson County, Inglehart, J.) Present—Callahan, J. P., Doerr, Denman, Pine and Davis, JJ.

■ BERT B. LOCKWOOD et al., Appellants, v COMMERCIAL UNION INSURANCE Co., Defendant, and ADJUSTCO, INC., Respondent. (Appeal No. 1.)—Order unanimously affirmed without costs for reasons stated in memorandum decision at Special Term, Lawton, J. (Appeal from order of Supreme Court, Oneida County, Lawton, J.—dismiss complaint.) Present—Callahan, J. P., Doerr, Denman, Pine and Davis, JJ.

■ BERT B. LOCKWOOD et al., Appellants, v COMMERCIAL

UNION INSURANCE Co., Respondent et al., Defendant (Appeal No. 2.)—Order unanimously affirmed without costs for reasons stated in memorandum decision at Special Term, Lawton, J. (Appeal from order of Supreme Court, Oneida County, Lawton, J.—dismiss complaint.) Present—Callahan, J. P., Doerr, Denman, Pine and Davis, JJ.

■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of ALPHONZO G. FOWLKES, Respondent, v GOODWILL INDUSTRIES, INC., Petitioner.—Determination unanimously modified on the law and as modified confirmed without costs, in accordance with the following memorandum: While the record supports the determination of the Commissioner of the State Division of Human Rights, it does not support any award for mental anguish. Complainant testified in a conclusory fashion that he "felt discriminated against", "felt very distressed" and "went through a very emotional period, so did my family." However, there is no indication of the length of time these consequences were suffered or the frequency thereof and there is insufficient evidence to indicate that any medical attention was required. Accordingly, the award of $10,000 damages for mental anguish is vacated. (Proceeding pursuant to Executive Law § 298 transferred by order of Supreme Court, Erie County, Rath, J.) Present—Callahan, J. P., Doerr, Denman, Pine and Davis, JJ.

■ WILLIAM G. BROWN et al., as Parents and Natural Guardians of JEFFREY BROWN, an Infant, Respondents, v DAISY MANUFACTURING Co., Appellant. (Appeal No. 1.)—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiffs' use of the adjective "all" does not render their request impermissible per se; it is the subject of the request that defines whether the request is specific (Stevens v Metropolitan Suburban Bus Auth., 117 AD2d 733, 734). Discovery of similar subsequent accidents is permissible because such proof may be admissible at trial to establish the existence of a defect (Carnibucci v Marlin Firearms Co., 51 AD2d 1067).

Defendant asserts, however, that it has no documents pertaining to test firings of the gun performed by Cicero police. The CPLR does not require defendant to create documents to be discovered (see, Frasier v Conklin, 105 AD2d 1018), and thus the 11th ordering paragraph is deleted. Moreover, paragraph No. 5 directing release of invoices, bills of sale, and checks is overbroad and should be stricken except insofar as it orders production of instructions, manuals, and warnings pertaining to use of the rifle.